MEMORANDUM *
Appellant Ralph N. Davis (“Davis”) appeals the district court’s summary judgment in favor of the Commissioner of Social Security (“Commissioner”). The Administrative Law Judge (“ALJ”) denied Davis’s Disability Insurance benefits and Supplemental Security Income benefits under Titles II and XVI of the Social Security Act. The ALJ concluded, on the basis of step four in the five-step sequential analysis in 20 C.F.R. § 404.1520(a)-(g), that Davis was not “disabled” within the meaning of the Act, 42 U.S.C. § 1382c(3), because he could still perform his past relevant work as a cabinet assembler. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court’s decision, and we reverse and remand for further proceedings.
Davis contends that the ALJ erred by rejecting the opinion of Dr. Joseph Cools, the impartial medical expert selected by the ALJ to testify at the disability hearing, without providing legally adequate reasons for doing so. See 20 C.F.R. § 404.1527(f)(2)(iii) (providing standards for the ALJ’s consideration of expert testimony). We agree. The ALJ’s reason for rejecting Dr. Cools’s testimony was that he “apparently accepted the exaggerated symptoms without question despite repeated references in the record to symptom magnification and malingering.”
Dr. Cools, however, did not blindly accept Davis’s symptoms. Rather, he specifically noted the extensive evidence of malingering and exaggeration and discussed how they complicate Davis’s diagnosis. Significantly, Dr. Cools noted that he relied on evidence in the record, which included clinical notes prepared by Dr. Tom Arnold after his twelve sessions with Davis, Dr. Robert Baxley’s September 2004 Psychiatric Evaluation, and Dr. Pamela Ridgeway’s March 2007 Psychological Diagnostic Evaluation.
Additionally, Dr. Cools’s findings are largely consistent with the opinion of Dr. Arnold, Davis’s treating psychologist. The two opinions differed in their classification of the severity of Davis’s limitations, but even Dr. Arnold’s more conservative 2007 evaluation still found a number of mild and moderate functional limitations. As the treating psychologist, Dr. Arnold’s opinion was due “controlling weight.” See 20 C.F.R. § 404.1527(d)(2); see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1995) (holding that such testimony can be rejected only if the AU provides “specific and legitimate reasons supported by substantial evidence in the record.”). Since Dr. Cools’s testimony was supported by evidence in the record and did not improperly ignore the evidence of malingering, we conclude that the AU failed to provide adequate reasons for rejecting the opinion of Dr. Cools. See 20 C.F.R. § 404.1527(f)(2)(iii). Cool’s opinion was that malingering was but a symptom of an underlying disabling psychological condition, and that Davis was unable to work on *153 the basis of the underlying disability, not on account of malingering, as the dissent incorrectly assumes.
With respect to the testimony of the Vocation Expert (“VE”), the hypothetical posed by the AU did not take into account all of the claimant’s limitations. Although claimant’s attorney attempted to ask a more complete hypothetical, Davis’ counsel at oral argument acknowledged that additional testimony by the VE would be necessary on remand. We therefore reverse and remand to the district court with instructions to reverse the administrative decision and remand for such additional proceedings.
The district court concluded that Davis is ineligible for Title II disability insurance and can only qualify for Title XVI benefits. Davis has not appealed that conclusion, accordingly, any challenge has been waived.
REVERSED and REMANDED for further proceedings consistent with this decision.
Plaintiff is awarded costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.